IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES S. DENNEY, and wife TERRI ANNE DENNEY, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ZIMMER US, INC., CENTERPULSE ORTHOPEDICS LTD., and CENTERPULSE SPINE-TECH SURGICAL, INC., )<br>)<br>Defendants. ) | Civil No. 3:04-0923<br>Judge Trauger |

**MEMORANDUM and ORDER**

This court granted summary judgment to the defendants on July 13, 2005. (Docket No. 38) On February 17, 2006, the plaintiffs filed a Rule 60(b) Motion for Relief from Judgment (Docket No. 39), to which the defendants have responded in opposition (Docket No. 41). The plaintiffs' motion is **DENIED**.

The plaintiffs seek relief under FED. R. CIV. P. 60(b)(1) claiming surprise, under (b)(2) claiming newly discovered evidence, and under (b)(6), which allows for "any other reason justifying relief from the operation of the judgment." The factual basis for this motion is that, on October 17, 2005, the plaintiffs received from their expert witness "an appliance that purports to be Mr. Denney's spinal implant," unaccompanied by any "chain of custody" or anything else that substantiates that what they have received is, in fact, of any relevance to this case. (Docket No. 39 at 3) Moreover, their motion to this court, filed some four months after they received this device in the mail from their expert, contains no affidavit substantiating the authenticity of the

1

device or countering the affidavit previously executed by the plaintiffs' expert stating that the implant removed from Mr. Denney had been destroyed. (*Id.*) Plaintiffs state in their motion that they "cannot vouch for the genuineness of the implant" and are only bringing this motion "in order to exhaust all remedies." (*Id.*)

What can be read between the lines of the plaintiffs' motion is that they are attempting to recover from their expert or their expert's subcontractor what they contend they might have recovered in this case, had the implant device not been destroyed. Plaintiffs' counsel received the unidentified implant in the mail from their expert some three weeks after they wrote to their expert and their expert's subcontractor "in an attempt to settle prospective claims against their firms stemming from their purported loss/disposal of the spinal implant." (*Id.*) It seems that, perhaps, the expert or the expert's subcontractor has miraculously found the destroyed implant device in an effort to protect themselves against the plaintiffs' claim but have carefully not authenticated exactly what they have found and transmitted to plaintiffs' counsel.

An underlying requirement for relief under any subsection of Rule 60(b) is the movant's demonstration of a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980); *see also* 12 James Wm. Moore, *Moore's Federal Practice* § 60.24[1] (3d ed. 2006) (and cases cited therein). Not only have the plaintiffs failed to establish in their motion even the possibility of a meritorious defense to the multi-grounded Motion for Summary Judgment of the defendants, but the plaintiffs even fail to establish that the implant device, if in fact it truly is Mr. Denney's, helps establish even a single meritorious defense to the summary judgment assertions. The plaintiffs' failure to meet this baseline requirement in their motion, alone, dictates that it must be denied. However, their motion fails on other grounds as well.

2

To prevail on a Rule 60(b)(2) motion alleging newly discovered evidence, the movant "must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (internal citations omitted). The due diligence requirement is inapplicable here, in that the fact that the expert miraculously found a piece of evidence that he swore had been lost or destroyed is not something about which the plaintiff could have exercised due diligence. The evidence, almost literally, "fell from the sky." Be that as it may, the plaintiffs have failed to establish the second prong required, that the evidence be material, controlling and clearly would have produced a different result. Certainly the implant device is material to this litigation. However, the fact that it might now be available for inspection and testing by the defendants does not make its existence somehow controlling or mandate a different result on the summary judgment motion. The motion was multi-faceted and not based merely on the fact that the implant was not available for inspection and analysis by the defendants. Moreover, the plaintiffs' Response was not based upon a loss of evidence but stated as follows:

> The Plaintiffs, Charles S. and Terri Anne Denney, pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE, respectfully respond that in light of the duties imposed by Rule 11 of the FEDERAL RULES OF CIVIL PROCEDURE they are without opposition to the Defendants' Motion for Summary Judgment.

(Docket No. 36) The paragraph quoted above was the only response to the summary judgment motion. And in the present motion for relief, the plaintiffs make no other defenses to the multi-faceted motion for summary judgment, nor do they even file their expert witness report, which they had months before they filed this case and over a year before the defendants' Motion for Summary Judgment was filed. (Docket No. 39 at 2). The mere finding of Mr. Denney's implant

device, without more, does not produce a "different result" from that already rendered in the ruling on the summary judgment motion.

The requirements for a claim of "surprise" under Rule 60(b)(1) are unclear and ill-defined. The court feels certain that plaintiffs' counsel were "surprised" to receive the implant under the circumstances and at the time that they did. However, surprise alone cannot form the basis for the granting of this motion, when the authenticity of the implant device has not, and apparently cannot, be substantiated and, therefore, its relevance to this case established.

The third ground under which the plaintiffs bring this motion is the catch-all ground of "any other reason justifying relief." That ground has been reserved for cases presenting truly "extraordinary circumstances." *Davis By Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990) (internal citations omitted). This is not such a case.

It is so **ORDERED**.

**ENTER** this 1st day of August 2006.

_____
ALETA A. TRAUGER
U.S. District Judge